### 9929

### SANDIFER *ET AL.* v. SOUTHERN RY. CO.

#### (*96* S. E. 120.)

RAILROADS—CROSSINGS—OBSTRUCTING ROAD.—Notwithstanding Civ. Code 1912, sec. 3285, provides that when a railroad is laid out across a highway or other way it shall be constructed so as not to obstruct the same, where a railroad constructed a cut and built a bridge, no recovery could be had by reason of the approaches extending on to private land, where the landowner did not object to plaintiff or others crossing his land to the road, and the passage was reasonably good and convenient.

Before EFIRD, special Judge, York, Fall term, 1914. Affirmed.

Action by C. H. Sandifer and others against the Southern Railway Company. Judgment for defendant, and plaintiffs appeal.

*Mr. J. Harry Foster,* for appellant, submits : *Where a railroad is laid out across a highway or other way, it shall be constructed so as not to obstruct the same:* Civil Code of 1912, sec. 3285. *As to the right of a private citizen to maintain a civil action for damages or abatement with respect to a public nuisance:* 81 S. C. 372; 49 S. C. 96; 102 S. C. 450; 81 S. C. 370. *As to the duty of the Court to declare the law substantially applicable to the case:* 42 S. C. 402; 58 S. C. 229; 52 S. C. 291; 71 S. C. 156.

*Messrs. McDonald & McDonald, for respondent,* submit : *Where one has an easement, such as a right of way, he has the right to do all things necessary for the complete enjoyment thereof, provided there is no negligence:* 13 S. C. 99; 47 S. C. 464; 67 S. C. 181; 71 S. C. 158; 93 S. C. 125. *Where property is purchased when it might have been condemand, the consideration is conclusively presumed to cover all damages to the remainder of the tract for which the owner could have obtained compensation in condemnation proceedings:* 47 S. C. 485. *Damages to private way are included in compensation:* 33 S. C. 477; 69 S. C. 515; 74 S. C. 392. *As to the meaning of the words, "highway or other way:"* 77 S. C. 437. *Judge has the right to charge requests in his own language:* 91 S. C. 104; 93 S. C. 125. *As to harmless error:* 78 S. C. 73.

March 20, 1918.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The plaintiff, C. H. Sandifer, sued defendant for damages for the obstruction of a road which connected different parts of his plantation. The other plaintiffs were brought in by order of the Court, but for what reason does not clearly appear. At any rate, the action was considered as if C. H. Sandifer were the only plaintiff. From judgment on verdict for defendant, he appeals.

In 1887, plaintiff's grantors and those of J. F. Galloway, who now owns the adjoining tract, granted defendant's predecessor in title a right of way through both tracts, and released the railroad company, its successors and assigns, from all damages arising from the construction of the railroad, which was built in 1888. At that time, there was a road along the dividing line between the two tracts, which was used by tenants of both, and others without let or hindrance. In building the railroad, a deep cut was made through both tracts, so that about one-fourth of plaintiff's tract, upon which the dwelling house and appurtenant buildings were situated, was left on the south side of the railroad. The company built a bridge over this cut for the use of the landowners. The north end of it was opposite to the tract now owned by Galloway, and about 25 yards from the point where the road between the two tracts intersected the right of way. But the end of the bridge was well within the right of way, which was 50 feet from the center of the railroad, so that there was ample room to turn off the bridge and drive along the right of way to the road, without getting on the tract now owned by Galloway. And so it remained until 1908, when defendant built a new bridge, which is 3½ feet higher than the old one, which was 19 feet high—high enough at that time for safety in operation. But, since that time, the size and height of box cars has constantly increased, some being as high as 14½ feet above the rails, so that 22½ feet is now the standard height of such bridges. The old bridge was, therefore, too low for the safety of brakemen on top of such cars, where they are frequently required to be. The increased height of the bridge necessitated the extension of the approaches, to give the proper slope, and the north end of it now extends beyond the limit of the right of way about 10 feet into Galloway's land, so that plaintiff cannot use the bridge and road beyond without going over Galloway's land from the end of the bridge back to the road on the right of way. That is the obstruction complained of.

Plaintiff alleges that Galloway refused to allow him or his servants to go over his land, and that the extension of the bridge was unnecessary and a negligent and wanton inter-- ruption of his easement.

Before building the new bridge, defendant's agents saw Galloway, who consented to the extension of it into his land, and agreed that plaintiff and all others should have the right to make the necessary turn over his land from the end of the bridge into the old road that formerly entered the bridge from the right of way.   Nevertheless plaintiff's tes- timony tended to prove that Galloway had objected to such use of his land by him and his servants and tenants.   But Galloway, who was examined as a witness for defendant, admitted the agreement above stated with defendant's agents, and testified that he had never objected, and does not now object, to plaintiff or any one else going far enough into his land to make the turn into the old road on the right of way.   He said that plaintiff wanted to open a new road from the end of the bridge straight across his field to the old road, and that he did object to that, because he did not want the road through his field.

Plaintiff relied upon section 3285, vol. I, Code 1912, which reads:

"When a railroad is laid out across a highway or other way, it shall be constructed so as not to obstruct the same"— and requested an instruction that, if a road which plaintiff had the legal right to use was obstructed, he was entitled to recover, without regard to negligence *vel non* in the construction of the bridge.   Defendant relied on the grant of the right of way and release from liability for damages arising from the construction and maintenance of the rail- road, and requested an instruction that, if there was no neg- ligence in building the bridge, plaintiff could not recover.

The Court instructed the jury, in substance, that the stat- ute and the right of the defendant under its easement must be considered in connection with each other; that the statute

does not forbid any interference whatever with an existing way, but where such interference becomes necessary, in making a crossing, it makes it obligatory upon the railway company to provide a reasonably safe and convenient way for the persons who use such way to travel; that, if they should find that defendant was not negligent in raising the bridge, and that it was necessary to do so to accommodate traffic and for the safety of defendant's employees, and that Galloway agreed with defendant that plaintiff and others could pass over his land to the old way, and had not forbidden plaintiff's use of his land for that purpose, they should find for defendant; but, if they should find that defendant was guilty of negligence, or whether defendant was guilty of negligence or not, if they should find that Galloway had forbidden plaintiff to go over his land, they should find for plaintiff. These instructions were as favorable to plaintiff as he could have asked under the law. His contention that the statute imposed absolute liability for any obstruction whatever of an existing way is unsound, for that would require an unreasonable construction, and prevent the slightest deviation of an existing way to make a reasonably safe and convenient crossing.

We do not agree with appellant that the license obtained from Galloway is void under the statute of frauds, or that it is revocable at his will. But it is unnecessary to decide either of these questions, for unless he did attempt to revoke it, plaintiff had no cause of action against defendant, for the verdict of the jury settles the fact that the way provided is reasonably good and convenient, and that it was necessary to the safety of defendant's employees to change the height of the bridge, and that there was no negligence in doing it, and that Galloway did not revoke the license.

There is nothing in the charge which, directly or indirectly, expresses or intimates the opinion of the Court as to any issue of fact, and the exceptions complaining of it in that and other respects are overruled.

Judgment affirmed.